**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stephen Jerrod Underwood, Respondent,

v.

Tara Michelle Cleveland and Victor Cleveland, Appellants.

Appellate Case No. 2017-001501

———

Appeal From Anderson County
Edgar H. Long, Jr., Family Court Judge

———

Unpublished Opinion No. 2019-UP-199
Submitted May 1, 2019 – Filed June 5, 2019

———

**AFFIRMED**

———

Caroline Elizabeth Waldrep, of Robert L. Waldrep, Jr., P.A., and William Norman Epps, III, of Epps, Epps & Perkins, both of Anderson, for Appellants.

Stephen Jerrod Underwood, of Anderson, pro se.

———

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, th[e appellate c]ourt reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52

(2011) (providing that although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony); *S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 454, 639 S.E.2d 165, 168 (Ct. App. 2006) ("Because terminating the legal relationship between natural parents and a child is one of the most difficult issues an appellate court has to decide, great caution must be exercised in reviewing termination proceedings[,] and termination is proper only when the evidence clearly and convincingly mandates such a result."); S.C. Code Ann. § 63-7-2570 (Supp. 2018) (providing the family court may order termination of parental rights (TPR) upon finding a statutory ground for TPR is satisfied and TPR is in the child's best interest); *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999) (providing the grounds for TPR must be proved by clear and convincing evidence); § 63-7-2570(3) (providing a statutory ground for TPR is met when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to visit the child"); § 63-7-2570(4) (providing a statutory ground for TPR is met when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child").

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.